PER CURIAM.
In this legal malpractice action arising out of the defendants’ (Estes and his professional association) alleged failure to pursue timely a worker’s compensation action on the plaintiffs behalf, the plaintiff requested the defendants to produce
“[t]he entire case file, along with any and all pleadings, materials acquired from or on behalf of the plaintiff, any legal or factual research, notes, memoranda, or correspondence, etc. created or acquired by the defendants regarding plaintiffs Workers’ Compensation Claim No. 048 52 0232, arising out of injuries sustained on or about June 18, 1976.”
The defendants responded by asserting that “the request is so broad, vague and ambiguous as to require production of work product and waiver of the attorney/client privilege between Defendants herein and their counsel.” However, as the defendants concede, there was absolutely no basis to claim any privilege against the former client in respect to papers created or acquired by the defendants regarding the former client’s worker’s compensation claim. Thus, there was no basis for the trial court to enter a summary judgment for the defendants while the plaintiff’s motion to compel the production of such papers from the recalcitrant defendants was still pending. Accordingly, the summary judgment is reversed and the cause remanded for further proceedings.
REVERSED AND REMANDED.